IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHI J. ZHANG,

   Plaintiff,     No. CIV S-09-1303 EFB

 vs.

JANET NAPOLITANO, et al.,

           ORDER TO SHOW CAUSE

   Defendants.

           /

   This case, in which plaintiff seeks review of a decision by the United States Citizenship and Immigration Service ("USCIS") to deny his application for adjustment of his immigration status, is before the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; E.D. Cal. L.R. 301. Specifically, plaintiff seeks a declaration that he is not inadmissible under 8 U.S.C. § 1182(a)(6)(C)(I). Compl., Dckt. No. 1.

   The parties have filed cross-motions for summary judgment. Pl.'s Mot. for Summ. J., Dckt. No. 26; Defs.' Mot. for Summ. J., Dckt. No. 27. However, before this court can reach the substantive issues raised in those motions it must determine whether it has subject matter jurisdiction over the action. Although neither plaintiff nor defendants challenge this court's jurisdiction, for the reasons stated below, there is a substantial question of whether this court has jurisdiction to proceed. Accordingly, plaintiff shall show cause why this action should not be

1

dismissed.

I.  BACKGROUND

On September 10, 1991, plaintiff Shi Jie Zhang arrived at John F. Kennedy Airport in New York as a visitor with a Singaporean passport and a United States visa. Admin. Record ("AR") 795, 799. He was detained and interviewed by an immigration officer on suspicion that the passport was fraudulent and the visa was counterfeit. AR 795-98. Plaintiff received a notice to appear before an immigration judge for a hearing to determine his admissibility and was then released. AR 633. On November 26, 1991, he failed to attend the hearing and in his absence the immigration judge ordered him excluded from the United States. AR 31-33.

### A.  Proceedings Before USCIS and This Court

On August 31, 2007, USCIS approved an Application for Alien Employment Certification filed by an employer on plaintiff's behalf. AR 359-62, 647. Thereafter, on November 5, 2007, plaintiff filed with USCIS an Application to Adjust to Permanent Resident Status based on the approved employment certification. AR 645.

On February 2, 2009, plaintiff was interviewed by USCIS with regard to his adjustment of status application. AR 316. Then, on February 20, 2009, USCIS requested plaintiff to submit additional information, namely Form I-601 (Application for Waiver of Ground of Inadmissibility), because plaintiff had previously been deemed "inadmissible" by the immigration court. AR 261-62. In response to USCIS's request, plaintiff submitted a motion explaining that he was not required as a matter of law to submit the requested information. AR 263-66. Consequently, on March 18, 2009, USCIS denied plaintiff's adjustment of status application based on (1) the immigration judge's 1991 finding that plaintiff was inadmissible and (2) plaintiff's refusal to submit Form I-601. AR 34-36.

On March 24, 2009, plaintiff moved to reopen USCIS's decision to deny his adjustment of status application. AR 21-26. USCIS denied the motion on April 10, 2009 on the ground that plaintiff did not present new evidence to overcome the reasons for denial. AR 19.

Then, on May 11, 2010, plaintiff filed this action for judicial review of USCIS's decision to deny his adjustment of status application. Compl., Dckt. No. 1. Plaintiff contends USCIS's denial of his adjustment of status application was arbitrary, capricious, an abuse of discretion, and inconsistent with applicable law. *Id.* ¶ 6. He further alleges that all of his administrative remedies have been exhausted because he filed a motion to reopen USCIS's decision to deny his adjustment of status application. *Id.* ¶ 50.

B.   Proceedings Before the Immigration Court

On April 21, 2008, while plaintiff's adjustment of status application was pending before USCIS, he brought a motion before the immigration court to reopen the 1991 exclusion hearings, based on lack of notice and eligibility to adjust status.[1] AR 580. The motion to reopen was granted on May 9, 2008. AR 10. The reopened exclusion proceedings appear to be ongoing.[2] *See* Dckt. No. 27 at 2; Dckt. No. 28 at 3.

II.   JURISDICTION

"[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). Thus, as a fundamental matter, this court must determine whether it has subject matter jurisdiction to proceed.

"The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989).

---

[1] Plaintiff also attached to the motion a copy of an Application for Asylum and for Withholding of Removal. However, there is no further information in the record before this court pertaining to the Application for Asylum and for Withholding of Removal.

[2] On July 21, 2009, plaintiff filed a motion for declaratory judgment with the immigration court requesting a finding that he is admissible, but there is no information in the record as to whether this motion has been granted or denied. AR 559-66. Also, on September 24, 2009, the immigration court denied the Department of Homeland Security's motion to reconsider the decision to reopen. AR 18.

1  Plaintiff, as the party seeking to invoke the jurisdiction of the Court, has "the burden of proving
2  the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353
3  (9th Cir. 1996).
4      Under 8 U.S.C. § 1255(I), an alien who has entered the country unlawfully may apply to
5  adjust his immigration status to that of a lawful permanent resident in certain circumstances.
6  Generally, USCIS has jurisdiction over adjustment of status issues.[3]  8 C.F.R. § 245.2(a)(1).
7  Here, plaintiff applied to USCIS to adjust his immigration status and now seeks judicial review
8  of USCIS's denial of that application.
9      Although no statute authorizes judicial review over denials of status adjustment,
10  *Cabaccang v. U.S. Citizenship & Immigration Servs.*, 2010 WL 5366596, at *2 (9th Cir. Dec. 29,
11  2010) (*Cabaccang*), the Administrative Procedure Act ("APA") permits judicial review of a final
12  agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  "When
13  an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or
14  agency rule, the agency action is 'final for the purposes of [the APA]' and therefore 'subject to
15  judicial review.'" *Darby v. Cisneros*, 509 U.S. 137, 146 (1993).  Therefore, the crucial issue
16  here is whether at the time this action was filed there had been a final agency action for which
17  plaintiff had no other adequate remedy.
18      Plaintiff's motion for summary judgment does not address the issue of jurisdiction or
19  whether there has been a final agency action.  However, his complaint does allege that he
20  exhausted all of his administrative remedies by filing a motion to reopen USCIS's decision to
21  deny his adjustment of status application.  Compl. ¶ 50.  Defendants argue in their summary
22  judgment motion that although plaintiff is currently in reopened exclusion proceedings, because
23  inadmissible aliens may not seek adjustment of status through exclusion proceedings before an
24

---

25      [3] However, once an alien "has been placed in deportation proceedings (other than an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any
26  application for adjustment of status." 8 C.F.R. § 1245.2(a)(1).

4

immigration judge, the USCIS decision denying his adjustment of status application is a final agency decision for which there is no other adequate remedy, and therefore jurisdiction to review the USCIS's decision is proper in this court. Dckt. No. 27 at 4.

Just last month, the U.S. Court of Appeals for the Ninth Circuit considered whether a district court may hear an alien's challenge to USCIS's denial of an application to adjust status when removal proceedings are simultaneously pending against the alien.[4] *Cabaccang*, 2010 WL 5366596 at *1. The Ninth Circuit concluded that a district court does *not* have jurisdiction to hear this type of action under the APA because the USCIS decision was "not yet a final agency action." The court found that the USCIS decision was not yet final since the Cabaccangs had the right to renew their applications to adjust status before the immigration judge and would have "an opportunity to fully develop their arguments before the immigration judge," and since the immigration judge would then have "unfettered authority to modify or reverse USCIS's denial of [their] applications, regardless of USCIS's prior determination." *Id.* at *2.

The court also concluded that the pendency of removal proceedings meant that the Cabaccangs had not exhausted their administrative remedies. *Id.* at *3. Specifically, the court found that since the Cabaccangs had the ability to reopen their applications to adjust status during their pending removal proceedings, their suit in the district court seeking the same relief was premature. *Id.* The court explained that "[t]his rule allows agencies to develop a complete factual record and apply their expertise before judicial review occurs." *Id.* (citing *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677 (9th Cir. 1988)).

The court specifically held that "district courts lack jurisdiction to review denials of status adjustment if removal proceedings are simultaneously pending." *Id.* at *4 (citing *Howell v. INS*, 72 F.3d 288, 292-93 & n.5 (2d Cir. 1995); *Randall v. Meese*, 854 F.2d 472, 481-82 (D.C.

---

[4] Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), immigration law distinguished between "exclusion" and "deportation" proceedings. *See Landin-Zavala v. Gonzales*, 488 F.3d 1150, 1153 n. 3 (9th Cir. 2007). IIRIRA encompasses both under a broader category of "removal" proceedings. *See id.*

5

Cir. 1988)).

Here, plaintiff allegedly entered this country unlawfully and he now attempts to adjust his immigration status. At the time that he filed this complaint, he had successfully reopened removal proceedings and those proceedings were pending. AR 10; Dckt. No. 28 at 3. Therefore, it appears that this court lacks jurisdiction under the APA to review USCIS's denial of his application for status adjustment.

Defendants argue in their summary judgment motion that USCIS's denial of plaintiff's adjustment of status application was a final agency decision because plaintiff, as an inadmissible alien, cannot seek adjustment of his status through his removal proceedings before the immigration judge. Dckt. No. 27 at 4. Inadmissible aliens, such as plaintiff, are barred from renewing an adjustment of status application before an immigration judge, 8 U.S.C. § 1182(a)(2)(A)(I). Therefore, unlike the Cabaccangs, who were *not* inadmissible aliens, plaintiff, as an inadmissible alien, will not have an automatic "right to renew" his adjustment of status application before the immigration judge. *Cabaccang*, 2010 WL 5366596 at *2. However, plaintiff was ruled inadmissible in a hearing for which he was not present and did not introduce evidence. Thus, in light of that fact, plaintiff will likely, if he has not done so already, challenge in his pending immigration court proceedings the original 1991 finding that he is inadmissable.[5] During those removal proceedings, the immigration judge may or may not choose to reverse the inadmissibility finding. If plaintiff succeeds in overturning the inadmissibility finding, plaintiff will then be free to renew his adjustment of status application and the immigration judge will then be able to "completely wipe away USCIS's prior decision" to deny plaintiff's adjustment of status application. *Id.* Therefore, it appears that the USCIS

////

////

---

[5] In fact, as noted above, plaintiff has already filed a motion seeking declaratory judgment requesting a finding that he is not inadmissible. AR 559-66.

decision is not a final agency decision for which plaintiff has no other adequate remedy.[6]  *Id.*

Additionally, even if plaintiff does not succeed in overturning the immigration judge's inadmissibility finding, plaintiff may seek review of the immigration judge's decision from the Board of Immigration Appeals and from there, potentially, an appropriate court of appeal.  8 U.S.C. § 1252(a)(5).  In other words, it appears from the application of *Cabaccang* to this case that plaintiff has not exhausted his administrative remedies.  *Cabaccang*, 2010 WL 5366596 at *3.  If relief is available from an administrative agency, plaintiff must pursue that avenue of redress before proceeding to this court.[7]  *Id.*

Indeed, several other courts have reached the same conclusion in similar cases.  In *Randall v. Meese*, 854 F.2d 472 (D.C. Cir. 1988), the court held that an action to review a denial of adjustment of status was premature, under circumstances where deportation proceedings had commenced and appeal was pending before the Board of Immigration Appeals.  The court explained that, "ruling that [appellant] must take 'the normal appeal route,' we assure that eventual court review will be enlightened by a full record, including the Board of Immigration Appeals' decision, and that this court avoids premature blockage of, or interference with, regulatory actions Congress has assigned to other government bodies."  *Id.* at 482.  Similarly, in *Ibarra v. Swacina*, 2010 WL 5299877 (11th Cir. Dec. 28, 2010), the court held that, "an adjustment of status 'decision is final where there are no deportation proceedings pending in

////

////

---

[6] Although jurisdiction may be defeated by after-arising events, there does not appear to be support for the notion that events that occur after a complaint has been filed can reinstate jurisdiction where there was none originally.  Therefore, although the court is unaware of the current status of plaintiff's removal proceedings, even if the removal proceedings are complete, this court still does not have proper jurisdiction.

[7] This is supported by the rationale espoused in *Cabaccang* that agencies should develop a complete factual record and apply their expertise before judicial review occurs, especially in a case such as this one where plaintiff was found inadmissible in 1991 without a hearing having occurred.  *See Cabaccang*, 2010 WL 5366596 at *3.

7

which the decision might be reopened or challenged.'"[8]  *Id.* at *1 (citing *Pinho v. Gonzales*, 432 F.3d 193, 202 (3d Cir. 2005); *see also Howell v. INS*, 72 F.3d 288, 294 (2d Cir. 1995) (plaintiff required to exhaust administrative remedies once deportation proceedings commenced instead of directly seeking review in the district court).

Thus, it appears that this court lacks jurisdiction over this action in light of plaintiff's concurrent removal proceedings before the immigration court.

III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. On or before February 3, 2011, plaintiff shall show cause in writing why this action should not be dismissed for lack of jurisdiction.

2. On or before February 9, 2011, defendants shall file a response to plaintiff's filing.

3. Failure of plaintiff to file a response to this order to show cause will result in a dismissal of the action for lack of jurisdiction.

DATED: January 19, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[8] The court in *Ibarra* also distinguished *Mejia Rodriguez v. U.S. Dept. of Homeland Sec.*, 562 F.3d 1137 (11th Cir. 2009), which held that USCIS's dismissal of an appeal of an application for temporary protected status (TPS) was a final agency decision over which the district court had review authority under the APA. In *Mejia Rodriguez,* the Eleventh Circuit noted that the TPS regulations, similar to the adjustment of status regime, permit de novo review of an alien's eligibility in the context of removal proceedings, but pointed out that those regulations were not applicable to Mejia's case because he had already gone through removal proceedings before the TPS application was denied by USCIS. Given the existence of a final removal order against him already, the court declined to require Mejia to demand that the Board of Immigration Appeals sua sponte reopen the prior removal proceedings to review his TPS case. However, the court in *Ibarra* specifically noted that *Mejia Rodriguez* did not decide whether the district court would have jurisdiction under the APA in a TPS case if removal proceedings against the alien-plaintiff had been pending.